UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **MAXEL THOMASON,** <br><br> Plaintiff, <br> v. <br><br> **CONN APPLIANCES, INC., CONN'S, INC., CONN CREDIT CORP., INC., and CONN CREDIT I LP,** <br><br> Defendants. | Civil Case No.: <br><br> **COMPLAINT** <br><br><br> **(Jury Trial Requested)** |

Plaintiff, complaining of the Defendant above-named, would respectfully show as follows:

## INTRODUCTION

1. This action arises out of Defendants' (hereafter referred to collectively as "Conn") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendants have placed hundreds of autodialed and prerecorded calls to Plaintiff's cellular telephone number in an attempt to collect a debt from a third-party with whom Plaintiff has no affiliation.

3. On multiple occasions, Plaintiff expressly told Conn to stop calling, stop texting, but to no avail.

4. Conn's actions violate the TCPA, and Plaintiff is entitled to $500 to $1500 per call.

## PARTIES

5. Plaintiff is a citizen and resident of Greenville, South Carolina.

6. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

7. Defendant Conn Appliances, Inc., is and at all times mentioned herein was, a Delaware corporation with its principle place of business, headquarters and "nerve center" located at 4055 Technology Forest Boulevard, Suite 210, The Woodlands, Texas. Defendant Conn Appliances, Inc. is a subsidiary of Defendant Conn's, Inc.

8. Defendant Conn's Inc., is and at all times mentioned herein was, a Delaware corporation with its principle place of business, headquarters and "nerve center" located at 4055 Technology Forest Boulevard, Suite 210, The Woodlands, Texas.

9. Defendant Conn Credit Corporation, Inc., is likewise a subsidiary of Conn's Inc., and at all times mentioned herein was, a Delaware corporation with its principle place of business, headquarters and "nerve center" located at 3295 College Street, Beaumont, Texas 77701.

10. Defendant Conn Credit I, LP, is likewise a subsidiary of Conn's Inc., and at all times mentioned herein was, a limited partnership with its principle place of business, headquarters and "nerve center" located at 3295 College Street, Beaumont, Texas 77701.

11. Conn Defendants are, and at all times mentioned herein was, "person(s)" as defined by 47 U.S.C. § 153 (39).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

13. This Court has personal jurisdiction over Conn Defendants because they conduct significant amounts of business within this District and because its actions giving rise to the claim were targeted at this District.

14. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim – the telephone calls – occurred in this District.

## FACTS

15. For approximately the past year and a half, Conn Defendants have placed telephone calls and text messages to Plaintiff's cellular telephone number ending in 3047.

16. These calls and texts were all attempts collect a debt from Plaintiff.

17. To the extent Plaintiff gave any Conn Defendant prior express consent to make calls to his cellular telephone, he revoked it on multiple occasions.

18. On each occasion, Conn Defendants would either acknowledge the request, or simply continue in attempting to collect the debt from Plaintiff.

19. For example, on November 16, 2017 Plaintiff called again to stop the calls (for the third time). He provided his number to Conn's representative "Brandon," that the phone calls would only stop when a payment "arrangement" is made. Brandon acknowledged the request, but continued to attempt to collect the debt.

20. Despite these efforts, Conn Defendants continued to call and/or text.

21. Plaintiff is a long-haul truck driver, and Conn's repeated calls were not only harassing, but endangered Plaintiff and the general public.

22. These calls and texts used telephone numbers 864-397-5499, 864-214-9936, and several others.

23. Upon information and belief, Conn Defendants spoofed an 864 area code to make the calls appear local to Plaintiff's home and rendering (through its use of multiple numbers) blocking impracticable.

24. All of the calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Conn Defendants to call Plaintiff has/have the capacity to store or produce telephone

numbers to be called, using a random or sequential number generator.

25. This is evidenced by the volume of the calls and the inability to stop the calls.

26. This is further evidenced by the fact that on many of the calls Plaintiff answered, he would be met with "dead air" or an unnatural period of silence, indicative of an automatic telephone dialing system.

27. Generally speaking, when Plaintiff would answer Conn' calls Plaintiff would be met with the dead air or unnatural silence, discussed above.

28. Upon information and belief, some of the calls used a prerecorded voice.

29. Conn Defendants' actions in making telephone calls and sending text messages to Plaintiff using an automatic telephone dialing system and/or prerecorded voice without obtaining Plaintiff's prior express consent and continuing to call after any such consent was revoked, violate 47 U.S.C. § 227(b).

30. Conn Defendants' actions were willful and/or knowing because Conn's made the calls of their own volition and continued to do so after being repeatedly and clearly asked to stop.

31. Plaintiff has suffered concrete harm because of Conn Defendants' telephone calls, including, but not limited to, tying up his telephone line with unsolicited calls, lost time tending to the unwanted telephone calls, lost time and distraction from work while responding to Conn Defendants' unlawful conduct, the invasion of his privacy by calls continuing after she asked Defendant to stop calling, and nuisance.

32. These forms of concrete harm are sufficient for Article III standing purposes.

33. Plaintiff is entitled to statutory damages, treble damages, and injunctive relief for these violations of the TCPA.

34. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to $500 to $1500 per call.

## FOR A FIRST CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

35. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. Conn Defendants placed calls and texts to Plaintiff's telephone number without prior express consent, and after Plaintiff asked Defendants to stop.

37. Plaintiff's telephone number is assigned to a cellular telephone service.

38. As alleged, these calls all used an "automatic telephone dialing system."

39. As alleged, many of these calls used a prerecorded or artificial voice.

40. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

41. Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. An order declaring that Defendants' actions violate the aforementioned laws and statutes;

B. An award of injunctive and other equitable relief prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

C. An award of statutory damages;

D. An award of treble damages;

E. Such other and further relief that the Court deems reasonable and just.

Respectfully submitted,

DAVE MAXFIELD, ATTORNEY, LLC

By: \_s/ Dave Maxfield_____
David A. Maxfield, Fed. ID 6293
5217 N. Trenholm Road, Suite B
Columbia, SC 29206
803-509-6800
855-299-1656 (fax)
dave@consumerlawsc.com

Keith J. Keogh
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.374.3403
312.726.1093 (Fax)
Keith@KeoghLaw.com

(Pro Hac Vice to be filed)

March 23, 2018